# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DULCE HEIERLE,               )
                                   )
            Plaintiff,         )     Case No.: 2:10-cv-00371-GMN-LRL
    vs.                         )
                                     )           **ORDER**
RAMPART CASINO, et al.,      )
                                     )
            Defendants.      )
_____ )

       This is an employment discrimination lawsuit brought by self-represented Plaintiff Dulce Heierle against her former employer, Defendant Rampart Casino; The Promenade Café; and Does 1-50 and Roe Business Entities 1-20 ("Defendants").  Plaintiff alleges: (1) breach of good faith and fair dealing; (2) breach of contract; (3) Title VII race and sex discrimination; and (4) Title VII retaliation against Defendants.  (Pl.'s Compl. 1-3, ECF No. 1.)  Additionally, Plaintiff requests the remedies of: (1) specific performance; (2) declaratory relief; (3) damages; and (4) reasonable attorney's fees and costs for her lawsuit.  (Pl.'s Compl. 3-4, ECF No. 1.)

       Defendants contend that Plaintiff fails to state any claims upon which relief can be granted and has failed to exhaust her administrative remedies regarding her Title VII race discrimination claim.  (Defs.' Reply 1:17-28, ECF No. 11.)  Additionally, Defendants challenge Plaintiff's reliance upon a referee decision issued by the Nevada Department of Employment, Training, and Rehabilitation regarding her dispute.  (Defs.' Reply 2:1-15, ECF No. 11.)

       The Court will grant Defendants' motion to dismiss in part.  Plaintiff's claims alleging breach of good faith and fair dealing, breach of contract, Title VII sex discrimination, and Title VII race discrimination will be dismissed with leave to amend.  Plaintiff's Title VII retaliation claim survives Defendants' motion to dismiss.  Finally, Plaintiff's additional requests for

declaratory judgment and damages will not be considered at this time, and her requests for specific performance and reasonable attorney's fees are denied.

## I.        BACKGROUND FACTS

Plaintiff Dulce Heierle is a 37-year-old Hispanic female. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)  Plaintiff was hired by Defendant Rampart Casino on June 20, 2003; the last position she held there was Food Server. (*Id.*)  In approximately July 2008, Plaintiff began expressing objections to Chef Andrew Castillo for standing close to her and asking what perfume she was wearing. (*Id.*)  After these initial objections, Plaintiff alleges that Mr. Castillo's behavior became more aggressive towards her, and towards other females and minorities at the restaurant. (*Id.*)  In October 2008, Plaintiff alleges Mr. Castillo yelled at her while blocking her path and "wrote her up." (*Id.*)  Over one year later, in January 2009, Plaintiff alleges that Mr. Castillo again yelled at her while positioning himself mere inches from her face.  After that incident, she submitted a statement to the management complaining of discrimination and was suspended. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)  On January 27, 2009, Plaintiff was terminated.  (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)

Plaintiff filed a complaint with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission on August 4, 2009. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)  In her EEOC Complaint, Plaintiff alleged Title VII national origin discrimination, sex discrimination, and retaliation. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)  In her complaint in this case, Plaintiff also alleges race discrimination.  (Pl.'s Compl. 2:10-12, ECF No. 1.)  Defendants move to dismiss Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to exhaust her administrative remedies under 42 U.S.C. § 2000e regarding her race discrimination claim.  (Defs.' Mot. Dismiss 2:14-24, ECF No. 8.)

/ / /

## II.    MOTION TO DISMISS STANDARD

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, under Fed. R. Civ. P. 8(e), the complaint must be "simple, concise, and clear" in order to "provide defendants with a fair opportunity to frame a responsive pleading." Fed. R. Civ. P. 8(e).  If the complaint does not meet these standards, the complaint is vulnerable to attack under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The Supreme Court of the United States has developed a two-step approach for district courts considering motions to dismiss.  Iqbal, 129 S.Ct. at 1950.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id*.  When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed.  Twombly, 550 U.S. at 570.

Finally, when a plaintiff is self-represented, the court must construe the pleadings liberally and "must afford plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985)).  "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94

1    (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

2    **III.    ADMISSIBILITY OF SUPPLEMENTAL DOCUMENTS**

3             Before evaluating each of Plaintiff's claims, the Court must resolve whether certain

4    documents attached to the parties' filings may be considered at the motion to dismiss stage.

5    Specifically, the Court must determine whether it can consider: (1) Plaintiff's EEOC complaint

6    and (2) a referee decision issued by the State of Nevada Department of Employment, Training,

7    and Rehabilitation Employment Security Division Office of Appeals regarding Plaintiff's

8    termination. (<u>See</u> EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8; Referee Decision, Pl.'s

9    Resp. Motion Dismiss, 8, ECF No. 10.)

10            First, Plaintiff's EEOC complaint may be considered by the court at this time.  As this

11   Court has explained before, attaching the EEOC complaint to the pleadings of a Title VII suit

12   assists the Court in determining whether jurisdiction is appropriate. <u>See</u> <u>Washington v.</u>

13   <u>Certainteed Gypsum</u>, No. 2:10-cv-00204-GMN-LRL, 2010 WL 3613887, at *3 (D. Nev. Sept.

14   7, 2010) ("Not only is it appropriate to consider attached documents, in a Title VII case it is

15   more efficient, and practically necessary. When a plaintiff attaches the charge of discrimination

16   and right to sue letter to her Title VII complaint, it makes it much easier for a district court to

17   assure itself of its jurisdiction over the Title VII claims, because jurisdiction only exists for

18   ninety days after a plaintiff receives a right to sue letter, and the scope of the district court's

19   jurisdiction is circumscribed by the complaint(s) levied in the charge of discrimination that the

20   EEOC has had an opportunity to review.") (citations omitted).  Accordingly, Plaintiff's EEOC

21   complaint will be considered as part of the pleadings in this matter.

22            Next, Defendants challenge Plaintiff's reliance on a referee decision issued by the State

23   of Nevada Department of Employment, Training, and Rehabilitation Employment Security

24   Division Office of Appeals regarding Plaintiff's termination.  (Defs.' Reply 2:4-6, ECF No. 11.)

25   Defendant invokes Nev. Rev. Stat. § 612.533, which says that the findings of such

administrative agencies "with the authority to make findings of fact or law pursuant to NRS 612.450 to 612.530" are not binding or admissible in any "separate or subsequent action or proceeding . . . regardless of whether the prior action was between the same or related parties or involved the same facts." (Defs.' Reply 2:6-12, ECF No. 11.)  The State of Nevada Employment Security Division falls within this statute.  See Employment Sec. Dept. of Nevada v. Verrati, 756 P.2d 1196 (Nev. 1998) ("Factual findings of Employment Security Department's Board of Review that are supported by evidence are conclusive, and reviewing court's jurisdiction is confined to questions of law in unemployment compensation case.") (citations omitted). Accordingly, this Court will not consider the findings of the Employment Security Division regarding Plaintiff in evaluating this motion to dismiss.

## IV.  BREACH OF GOOD FAITH AND FAIR DEALING CLAIM

Plaintiff's first cause of action alleges breach of good faith and fair dealing against Defendants.  (Pl.'s Compl. 1:21-2:14, ECF No. 1.)

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe County, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. Crow v. Home Loan Ctr., No. 3:11–cv–00259–LRH–VPC, 2011 WL 2214118, at *2 (D. Nev. 2011).

Although Plaintiff attempts to set forth a claim of contractual breach of good faith and fair dealing, the substance of the cause of action reads like a discrimination claim.  (See Pl.'s Compl. 2:10-12, ECF No. 1 ("That [Defendants] discriminated against Dulce, sexually and on

the basis of race, to her detriment that she was wrongly terminated on or about January 2009.”))
Plaintiff does not allege that she and Defendants were parties to a contract.  As a result, she has
failed to show that Defendants owed her a duty of good faith and fair dealing, that there was a
breach of such duty, or that her justified expectations were denied.  Accordingly, Plaintiff's
breach of good faith and fair dealing claim is dismissed with leave to amend.

However, the Court, in construing Plaintiff's pleadings liberally, will evaluate the contents
of her breach of good faith and fair dealing claim as part of her Title VII causes of action.

## V.    BREACH OF CONTRACT CLAIM

Plaintiff's second cause of action alleges breach of contract. (Pl.'s Compl. 2:15-23, ECF
No. 1.)  To state a claim for breach of contract in Nevada, the plaintiff must allege: (1) the
existence of a valid agreement between the plaintiff and the defendant; (2) a breach by the
defendant; and (3) damages as a result of the breach. Calloway v. City of Reno, 993 P.2d 1259
(Nev. 2000). Once a plaintiff proves these prima facie elements, the burden shifts to the
defendant to show that his nonperformance was excused or otherwise defensible. Hewitt v.
Allen, 43 P.3d 345, 349 (Nev. 2002).

Here, Plaintiff's breach of contract claim fails because she fails to allege that a valid
agreement existed between Plaintiff and Defendants.  See Reyna v. Wells Fargo Bank, No.
2:10–cv–01730–KJD–RJJ, 2011 WL 2690087, at *8 (D. Nev. 2011) (“Plaintiff's breach of
contract claim as to Bank of America fails because, as mentioned above, Plaintiff fails to allege
that an actual contract existed between Plaintiff and Bank of America.”).  Accordingly,
Plaintiff's breach of contract claim is dismissed with leave to amend.

## VI.    TITLE VII SEX DISCRIMINATION CLAIM

Plaintiff generally alleges race and sex discrimination by her employer. (Pl.'s Compl.
2:8-14, ECF No. 1.)  Although Plaintiff fails to specify in her complaint which statute her claims
arise under, she invoked Title VII in her EEOC complaint.  (See EEOC Compl., Defs.' Motion

Dismiss 10, ECF No. 8 ("I believe I have been discriminated against because of my national origin, Hispanic, sex, female, and retaliated against for complaining about the discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.")) Accordingly, Defendants had fair notice that Plaintiff's claim was brought under Title VII, and this Court will assess Plaintiff's discrimination claims under that statute.

Courts in the Ninth Circuit assess employment discrimination claims *in light of* the prima facie case requirements and determine from the plaintiff's factual allegations whether each element of the prima facie case can be plausibly inferred. See Sablan, 2010 WL 5148202, at *4. To establish a prima facie case of Title VII discrimination, a plaintiff must show "'(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.'" Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007) (quoting Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998)).

Regarding Plaintiff's sex discrimination claim, Plaintiff sufficiently alleges in her EEOC complaint that she is a member of a protected class as a female. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.) Plaintiff also alleges numerous adverse employment actions in her filings: wrongful termination (Pl.'s Compl. 2:10-12, ECF No. 1.); negative employment references (Pl.'s Resp. Mot. Dismiss 2:1-3, ECF No. 10); and suspension (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.) Additionally, Plaintiff sufficiently alleges that she and other female and minorities were treated more aggressively and issued more disciplinary actions than other employees at the restaurant. (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.) However, nowhere in Plaintiff's pleadings or other filings with the court does she plead that she was performing according to her employer's legitimate expectations, nor does she provide any factual allegations from which the Court could plausibly infer that this was so. In this specific

prong of the Title VII claim, Plaintiff's pleadings are deficient.  Accordingly, this claim will be dismissed with leave to amend.

## VII.   TITLE VII RACE DISCRIMINATION CLAIM

Plaintiff's original EEOC complaint alleged discrimination based on national origin, sex, and retaliation, but not race.  (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.) Consequently, Defendants moved to dismiss Plaintiff's race discrimination claim for failure to exhaust her administrative remedies under 42 U.S.C. § 2000e, which requires that the complainant file a timely charge with the EEOC to allow the agency to investigate the discrimination charge. (Defs.' Mot. Dismiss 3:23-28, ECF No. 8.)  However, Defendants correctly acknowledge that new claims can be brought under the same EEOC complaint if they are "like or reasonably related to the allegations contained in the EEOC charge." (Defs.' Mot. Dismiss 4:1-6, ECF No. 8, quoting Green v. Los Angeles County Superintended of Sch., 883 F.2d 1472, 1475-76 (9th Cir. 1989))

Therefore, the Court must determine whether Plaintiff's race discrimination claim is "like or reasonably related to" the allegations contained in her EEOC charge.  Green provides guidance on how to determine whether such a claim is reasonably related: "In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges." Green, 883 F.2d at 1476.  In Green, the court dismissed the plaintiff's additional charges because her original EEOC complaint solely addressed sexual harassment that occurred during a specific time period while she was working, whereas the claims she brought later involved denial of medical benefits and other adverse actions unrelated to her original harassment allegations.  Id.  The court therefore held that the plaintiff failed to exhaust her administrative remedies on the later charges because they required a separate investigation by the EEOC that was outside of the scope of the original charges.  Id.

Here, this does not appear to be the case.  Plaintiff's inclusion of the race discrimination charge in her complaint does not seem to encompass a different set of events than those detailed in her EEOC complaint.  Rather, as a self-represented party, it seems more likely that Plaintiff mistakenly labeled her discrimination charge as "race" rather than "national origin," confusing the two Title VII categories.   Other circuits have acknowledged that these two categories are often conflated and confused.  See Deravin v. Kerik, 335 F.3d 195, 201 (2nd Cir. 2003) ("Courts have also recognized that race and national origin discrimination claims may substantially overlap or even be indistinguishable depending on the specific facts of a case.").  If it is indeed the case that Plaintiff confused the terms "race" and "national origin," she is given leave to amend this aspect of her claim.  However, it is not clear from the complaint as it stands if this is the case.

Additionally, like Plaintiff's sex discrimination claim, Plaintiff must plead facts in her race discrimination claim that at least raise a plausible inference that discrimination occurred under the same prima facie elements in Noyes.  Thus, Plaintiff's race discrimination claim is also deficient because Plaintiff failed to plead facts as to whether she was performing according to her employer's legitimate expectations.  Accordingly, Plaintiff's Title VII race discrimination claim is dismissed with leave to amend.

## VIII.   TITLE VII RETALIATION CLAIM

Plaintiff also alleges a retaliation claim against Defendants.  (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.)  Like Plaintiff's race and sex discrimination claims, Plaintiff does not specifically state that her retaliation claim arises under Title VII.  However, construing her pleadings liberally, Plaintiff appears to be bringing a Title VII retaliation claim, as Plaintiff specified a charge of Title VII retaliation in her EEOC complaint (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.), which provided Defendants fair notice of her claim.  To establish a prima facie case of retaliation based on Title VII, a plaintiff must show: "(1) that he engaged in

a protected activity; (2) that he suffered an adverse employment action; and (3) that there is a causal link between the two." Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1113 (9th Cir. 2003).

First, Plaintiff undisputedly engaged in a protected activity by filing an internal complaint of discrimination. See Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 506 (9th Cir. 2000) (internal complaints about employer treatment constitute "protected activity" in establishing a prima facie Title VII retaliation claim). Next, Plaintiff pleads that she suffered several adverse employment actions: wrongful termination (Pl.'s Compl. 2:10-12, ECF No. 1.); negative employment references (Pl.'s Resp. Mot. Dismiss 2:1-3, ECF No. 10); and suspension (EEOC Compl., Defs.' Motion Dismiss 10, ECF No. 8.).

Finally, Plaintiff raises a plausible inference of a causal link between her protected activity and termination. According to Plaintiff's EEOC complaint, she submitted an internal complaint of discrimination to her employer in January 2009 after another inflammatory encounter with Mr. Castillo and was then terminated on January 27, 2009. Proximity of time between a protected activity and an adverse employment action may raise a plausible inference of a causal link where the time period is "very close." Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (per curiam) (citing cases finding a three-month period and a four-month period too long). Here, the proximity of Plaintiff's protected activity and her termination, which was less than a month, establishes a plausible inference of a causal link between the two events. Accordingly, Plaintiff's Title VII retaliation claim survives Defendants' motion to dismiss.

## IX. ADDITIONAL REQUESTS

Because Plaintiff has raised a valid Title VII retaliation claim, her requests for declaratory judgment and damages will be considered by the Court at the appropriate time. However, Plaintiff's request for specific performance of Defendants' contractual duties is denied at this

time due to Plaintiff's failure to allege that a contractual relationship existed.  In the event that she amends her breach of contract claims to plead that a contract existed, this request will be reconsidered by the Court.

Additionally, Plaintiff's request for attorney's fees will not be granted because Plaintiff, as a self-represented party, may not collect attorney's fees.  See Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987) ("pro se litigant who is not an attorney is not entitled to an award of attorney's fees").

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED in part** and **DENIED in part**.  Plaintiff's claims for breach of good faith and fair dealing, breach of contract, Title VII sex discrimination, and Title VII race discrimination are **DISMISSED** with the opportunity to file an Amended Complaint on or before August 26, 2011.

Plaintiff's Title VII retaliation claim is not dismissed.

DATED this 1st day of August, 2011.

_____
Gloria M. Navarro
United States District Judge